UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 12, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Savantis B.O. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 16-333-CDA

Dear Counsel:

On February 5, 2016, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 17) and the parties' dispositive filings[2] (ECFs 20, 22). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will DENY the SSA's Motion for Summary Judgment, GRANT Plaintiff's Motion for Remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits on December 14, 2009, and protectively filed a Title XVI application for Supplemental Security Income benefits on November 23, 2009. Tr. 129. In both applications, Plaintiff alleged disability beginning October 11, 2009. *Id.* Plaintiff's claims were denied initially and on reconsideration. *Id.* On June 6, 2012, an Administrative Law Judge ("ALJ") held a hearing. *Id.* On June 21, 2012, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 137. The Appeals Council granted Plaintiff's request for review of the decision, vacated the decision, and remanded the case to an ALJ. Tr. 139. On March 19, 2014, a different

---

[1] The Court substitutes Martin O'Malley, the current Commissioner of the Social Security Administration, as Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Pursuant to the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), "the action is presented for decision by the parties' briefs. A brief must support assertions of fact by citations to particular parts of the record." Fed. R. Civ. P. Supp. Soc. Sec. R. 5. Here, Plaintiff and Defendant styled their respective filings as a Motion for Remand and as a Motion for Summary Judgment. *See* ECFs 20, 22.

[3] 42 U.S.C. §§ 301 et seq.

ALJ determined that Plaintiff was not disabled. Tr. 154–55. Plaintiff appealed that decision in this Court, *see* ECF 1, and the Court remanded Plaintiff's case to the SSA with the consent of both parties on May 27, 2016, *see* ECF 13. On April 4, 2017, an ALJ determined that Plaintiff was not disabled. Tr. 197. The Appeals Council granted Plaintiff's request for review of the decision and remanded the case to an ALJ. Tr. 238. On April 17, 2019, an ALJ determined that Plaintiff was not disabled. Tr. 12–28. The Appeals Council denied Plaintiff's request for review of the April 17, 2019 decision, Tr. 1–4, so that decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 11, 2009. Tr. 17. At step two, the ALJ found that Plaintiff suffers from severe "affective disorders." Tr. 18. The ALJ also determined that Plaintiff suffers from anemia, asthma, obesity, and restless leg syndrome, all of which are non-severe. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals" a listed impairment. *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to performing simple, routine and repetitive tasks and can interact appropriately with co-workers and the public on a frequent basis.

Tr. 21. The ALJ found that Plaintiff was unable to perform past relevant work but could perform other jobs that exist in significant numbers in the national economy. Tr. 26–27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

## III.    LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th

Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ erroneously assessed her RFC. ECF 20, at 4. Specifically, she avers that the ALJ: (1) failed to properly evaluate the opinion evidence of record; (2) failed to address Plaintiff's moderate limitations in maintaining concentration, persistence, and pace ("CPP") in the RFC assessment; (3) failed to set forth a discussion explaining how the evidence supported each conclusion; (4) failed to explain how they found that an individual with moderate CPP limitations could stay on task for ninety percent of the workday; and (5) improperly performed a symptom-based analysis instead of an RFC assessment. *Id.* at 4–19. Plaintiff also contends that the ALJ erroneously assessed her subjective complaints. *Id.* at 19–24.

Defendant counters that: (1) the ALJ "properly analyzed the prior administrative medical findings and medical opinions"; (2) the ALJ "properly accounted for Plaintiff's moderate limitations" in CPP when assessing her RFC; (3) the ALJ properly excluded an off-task limitation from the RFC assessment; (4) the ALJ supported the RFC assessment with a narrative discussion; and (5) the ALJ properly evaluated Plaintiff's subjective complaints. ECF 22-1, at 7–24.

In cases (such as Plaintiff's) filed before March 27, 2017, ALJs "consider all of the following factors in deciding the weight [to] give to any medical opinion" that is not given controlling weight: (1) the existence of an examining relationship; (2) the source's treatment relationship with the claimant (including length, nature, and extent of the treatment relationship and the frequency of examination); (3) supportability; (4) consistency; (5) specialization; and (6) any other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527, 416.927. If the opinion is authored by a treating source, the ALJ must "always give good reasons" for the weight assigned to the opinion. *Id.* §§ 404.1527(c)(2), 416.927(c)(2).

Here, the ALJ erred by failing to evaluate the opinion evidence under the correct regulatory framework. The ALJ stated that their analysis was conducted "in accordance with the requirements of 20 CFR 404.1520c and 416.920c." Tr. 21. As Defendant acknowledges, Plaintiff's claims were filed in 2009. ECF 22-1 at 2; *see also* Tr. 129. Sections 404.1520c and 416.920c are thus inapplicable to Plaintiff's claims because they only apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The ALJ's failure to cite and apply the correct framework—Sections 404.1527 and 416.927—may have been consequential. An ALJ is only required to discuss consistency and supportability when evaluating a medical source opinion under Sections 404.1520c and 416.920c. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). The same is not true when an ALJ evaluates an opinion under Sections 404.1527 and 416.927, which require an examination of the six factors discussed above when an opinion is not assigned controlling weight. *See id.* §§ 404.1527, 416.927. The ALJ's application of an incorrect legal framework caused the ALJ to fail to discuss several of

*Savantis B.O. v. O'Malley*
Civil No. 16-333-CDA
July 12, 2024
Page 4

these factors. For instance, the opinion does not make clear the extent to which the ALJ considered the length of Plaintiff's relationship with Dr. Abudabbeh or the frequency of the examinations performed by Drs. Lachtchinina and Yan.[4] *See* Tr. 25. Moreover, if "a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," Sections 404.1527 and 416.927 require an ALJ to assign the opinion "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Because the ALJ conducted their analysis in accordance with an inapplicable legal framework, the Court is unable to conclude that the ALJ applied and considered the required factors in assessing the opinions, including whether to assign controlling weight to any opinion.

Reversal and remand are "warranted where the ALJ has failed to apply the correct legal standards." *Smith ex rel. Smith v. Astrue*, No. CIV.A. 7:07CV314, 2008 WL 3887655, at *3 (W.D. Va. Aug. 21, 2008) (quoting *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989)). The ALJ's failure to apply the correct legal framework impacted their analysis and, potentially, the ultimate disability determination reached in this case. Accordingly, the Court must remand this case to the SSA so that the ALJ can conform their analysis to the appropriate framework for evaluating medical source opinions.

Because the case is being remanded on these grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, Defendant's Motion For Summary Judgment, ECF 22, is DENIED and Plaintiff's Motion for Remand, ECF 20, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[4] These physicians' opinions were not assigned controlling weight. *See* Tr. 25.